```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| **GREGORY A. MILTON,** | : | |
| | : | |
| Plaintiff | : | No. 1:13-CV-02673 |
| | : | |
| vs. | : | (Judge Kane) |
| | : | |
| **UNITED STATES BUREAU OF** | : | |
| **PRISONS, et al.,** | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

### Background

On August 25, 2015, the court issued an order granting Plaintiff's motion (Doc. 46) for a 45-day extension of time to file a brief in opposition to Defendants' pending motion to dismiss and/or for summary judgement. The time for Plaintiff to file a brief was extended until September 30, 2015. On October 2, 2015, the court received a letter (Doc. 50) from Plaintiff in which he requested the status of his motion for a 45-day extension and claimed that because he had been in "lockdown" for "most of the period included in that 45 days." Plaintiff further stated that he would "in all likelihood have to seek a further extension of time." From Plaintiff's assertions in the letter it appeared he did not receive this court's order of August 25, 2015, granting him a 45-day extension and, consequently, the court by order of October 2, 2015, granted Plaintiff one final extension of time to respond to Defendants' motion to dismiss. The order directed Plaintiff to file a brief in opposition to Defendants' motion to dismiss and/or for summary judgment (Doc. 35) on or before

November 16, 2015, as a well as a response to Defendants' statement of material facts (Doc. 40). The order further advised Plaintiff that failure to comply with the order would result in the dismissal of Plaintiff's complaint for failure to prosecute and abide by a court order. There is no indication on the docket that Plaintiff did not received the order of October 2, 2015.

Generally, a dispositive motion may not be granted merely because it is unopposed. However, when a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962). In Link, the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law . . . . It has been expressly recognized in Federal Rule of Civil Procedure 41(b) . . . .

Id. at 629-30. The Court of Appeals for this circuit held in Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) that a district court should not dismiss a civil rights complaint brought by a former prisoner for failure to comply with a local rule requiring a response to a dispositive motion without examining the merits of the complaint. However, the Court of Appeals did not

vitiate the Supreme Court's decision in <u>Link</u>, Rule 41(b) of the Federal Rules of Civil Procedure or the inherent power of the district court to impose the sanction of dismissal for failing to comply with a court order. Instead, the Court of Appeals specifically stated:

> In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to dismissal without a merits analysis. There may be some cases where failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked. <u>Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked</u>.

<u>Id</u>. at 30 (emphasis added); <u>see</u> <u>also</u> <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992) ("<u>Poulis</u> did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . [N]ot all of the <u>Poulis</u> factors[1] need be satisfied in order to dismiss a complaint. Instead, the decision must be made in the context of the district

---

1. The Court of Appeals in <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984) identified six factors that are appropriate to consider before dismissing a case for the plaintiff's late filing of a pretrial statement. The six factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by [the Court of Appeals].").

Though the deadline for filing a brief and response to Defendants' statement of material fact has passed, Plaintiff has neither filed a brief nor has he requested an additional extension of time in which to do so. By order of October 2, 2015, Plaintiff was specifically directed to comply with Local Rule 7.6 by filing a brief in opposition. This case has been pending for over two years and any further delay is not warranted. Milton has already been granted two extensions of time to respond to the motion to dismiss and/or for summary judgment filed by the Defendants and is personally responsible for failing to oppose the motion. Milton was advised of his obligation to respond to motion in accordance with the Local Rules of Court on at least two occasions. Docs. 49 and 51. At this point it appears that Milton has wilfully declined to file an opposition briefs. The Court finds that the dilatoriness of Plaintiff outweighs any of the other considerations set forth in Poulis. The court will, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, dismiss Plaintiff's complaint both for failure to prosecute and for failure to comply with a court order.

An appropriate order will be entered.