UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY A. MILTON, | : | |
|     Plaintiff, | : | |
| | : | No. 1:13-CV-02673 |
| v. | : | |
| | : | (Judge Kane) |
| UNITED STATES BUREAU OF | : | |
| PRISONS, et al., | : | |
|     Defendants | : | |

**MEMORANDUM**

Presently before the Court is pro se Plaintiff's motion for reconsideration (Doc. No. 69), of this Court's March 28, 2017 Order (Doc. No. 67), granting Defendants' motion to dismiss and/or for summary judgment. Plaintiff has filed a brief in support of the motion (Doc. No. 70), and Defendants have filed a brief in opposition to the same. (Doc. No. 71.) Accordingly, the motion is ripe for disposition. For the reasons set forth below, Plaintiff's motion for reconsideration (Doc. No. 69) will be denied.

**I.    BACKGROUND**

Pro se Plaintiff Gregory Milton, an inmate formerly confined at the United States Penitentiary in Allenwood, Pennsylvania ("USP-Allenwood"), initiated this civil action pursuant to 28 U.S.C. §1331. (Doc. No. 1.) Plaintiff claimed that he was denied due process relating to his disciplinary proceedings while incarcerated at USP-Allenwood. Specifically, Plaintiff asserted that with regard to a January 2011 charge, he "was not allowed the protections of his Wolff[1] rights" (Doc. No. 1 at 4), when he was accused of using of a cell phone, which was surreptitiously introduced into the prison, on eighteen (18) occasions. (Doc. No. 40 ¶¶ 15-16, 19). Although Plaintiff was sanctioned with sixty (60) days disciplinary segregation, he was

---

[1] Wolff v. McDonnell, 418 U.S. 539 (1974).

never placed in the Special Housing Unit ("SHU") and was released back to general population. (Doc. No. 56 at 5.) Plaintiff was not sanctioned with a loss of good time credits. (Doc. No. 40-1 at 71.)

Finally, as to a March 2011 charge in which Plaintiff was accused of soliciting another inmate to call an individual and pass information on Plaintiff's behalf to that individual, Plaintiff received thirty days disciplinary segregation, six months loss of telephone privileges, and six months loss of email privileges. (Doc. No. 40 at 31; Doc. No. 56 at 7.) Again, Plaintiff was not sanctioned with a loss of good time credits. (Doc. No. 40-1 at 99.)

Accordingly, this Court found that as a matter of law, Plaintiff's due process rights were not triggered by the disciplinary segregation, loss of telephone privileges, and loss of email privileges because those sanctions did not impose atypical and significant hardship on Plaintiff. (Doc. No. 66 at 15.) Consequently, Defendants' motion to dismiss and/or for summary judgment (Doc. No. 67), was granted.

Plaintiff now asserts that he is entitled to reconsideration because there is an obvious need to correct a clear error of law and prevent a manifest injustice. (Doc. No. 70 at 5.) The Court now addresses his claims for reconsideration.

## II. LEGAL STANDARD

The scope of a motion for reconsideration "is extremely limited." Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011). Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law, (2) the availability of new evidence that was not available when the court

entered judgment, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances in which "the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). Further, it may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

### III. DISCUSSION

Plaintiff fails to satisfy the above standard in support of his motion for reconsideration. Plaintiff invites the Court to make "additional findings of fact and conclusions of law concerning the evidence presented in support of [his] claim" that he was denied due process during his disciplinary hearing proceedings. (Doc. No. 70 at 5.) However, Plaintiff previously presented his arguments to the Court, and the Court thoroughly addressed Plaintiff's arguments in its March 28, 2017 Memorandum (Doc. No. 66). Specifically, the Court concluded:

> As a matter of law, Plaintiff's due process rights were not triggered by the disciplinary segregation, loss of telephone privileges, and loss of email privileges Plaintiff received for the January 2011 and March 2011 charges

because those sanctions do not impose atypical and significant hardship on Plaintiff.

Id. Nevertheless, the Court provided a detailed inquiry consistent with Wolff v. McDonnell,[2] and concluded that Plaintiff was provided all due process rights he was entitled. (See Doc. No. 66 at 14-16.)

Plaintiff's instant motion for reconsideration neither advances an intervening change in controlling law nor provides any evidence that was not previously available to this Court. Rather, Plaintiff merely seeks to reassert his same arguments advanced previously. However, this simply "cannot provide the basis for a successful motion for reconsideration." Blystone, 664 F.3d at 146. Accordingly, Plaintiff's motion for reconsideration will be denied, as the Court does not find any manifest errors of law or fact or a manifest injustice.

## IV. CONCLUSION

For the reasons set forth above, the Court will deny Plaintiff's motion for reconsideration (Doc. No. 69.) An appropriate Order follows.

---

[2] Under Wolff v. McDonnell, inmates are to be afforded certain rights and procedural protections. See Wolff v. McDonnell, 418 U.S. 539 (1974). In its Memorandum explaining its decision to grant summary judgment for the Defendants, the Court engaged in an in-depth examination of Plaintiff's claims in light of Wolff and concluded that there was "no genuine issue of material fact over whether Plaintiff was afforded procedural protections under Wolff." (Doc. No. 66 at 16.) Specifically, the Court based its conclusion on the lack of relevance in calling certain witnesses, a lack of necessity in obtaining copies of certain video evidence, and the lack of necessity in calling a witness whose statement had been summarized in an incident report. (Id.)